Patrick H. Horgan
vs. No. 4380.
William A. Clarke, Treas.

June 20, 1932.

BAKER, P. J. Heard on defendant's motion to strike out certain portions of the second count of the plaintiff's declaration. The parts of the count complained of relate to the allegation of damage suffered by the plaintiff.

In this proceeding, the writ is in case but the counts of the declaration sound in trespass. This, apparently, is permissible. Further, it seems clear that an owner of property may recover in an action on the case for injuries to the reversion and to his interest in the property involved, even though a tenant may be in actual possession.

> Adams v. Lorraine Mfg. Co., 29 R. I. 333;
>
> Vol. 26 R. C. L., pages 991 and 992.

The defendant first asks that the portion of the declaration setting out a claim for exemplary or multiple damage be struck out.

The plaintiff argues that under the statute and by general rule of law, in a case of this type he is entitled to recover such damages if he can prove his case.

The statute in question is paragraph 5875, General Laws of Rhode Island, 1923.

While it is true that most cases arising under this section doubtless relate to injuries to woodlands, nevertheless, the Court cannot say now as a matter of law, without hearing the proof in the case at bar, that the evidence might not be broad enough to bring the plaintiff within the provisions of this section.

The allegation in the declaration is in substance that the defendant did tear down, remove, deface and otherwise injure certain trees, shrubs, and so forth, and the statute makes provision for the cutting, destroying or carrying away of any tree, timber, wood or underwood.

Furthermore, the Court is of the opinion that the plaintiff has the right in a case of this kind to allege exemplary damages, if he so desires. Whether he can show them by evidence is, of course, a matter of proof. The question has been somewhat considered in this state in the case of Hagen v. Prov. & Worc. R. R. Co., 3 R. I. p.

88, where the Court set down a rule in regard to punitive damages, which rule is later approved in the case of *Adams* v. *Lorraine Mfg. Co., supra.*

See also *Hathaway* v. *Osborne,* 25 R. I. 249, in which case it was held that a town may be liable in trespass.

The motion, therefore, to strike out of the second count the allegation in regard to exemplary or multiple damages is denied.

The second portion of the motion relates to an allegation in the second count seeking to recover for damages suffered by any tenants of the plaintiff by reason of the trespasses complained of.

It would seem reasonably clear that the plaintiff is not entitled to recover for any direct damage incurred by any tenant of his in possession of the property in question. It may be that on a given set of facts both the owner and the tenant may have rights of action against a trespasser.

Vol. 35 C. J., p. 1212;

Vol. 26 R. C. L., pages 991, 992.

The plaintiff argues that this allegation is merely intended to cover any resulting increase in damage to himself as owner of the property in question. It seems to the Court, however, that the allegation in the second count, as a matter of fact, is so broad that the only reasonable construction to be given it is that it is a request for damages for injuries sustained directly by the tenants in possession. This would not seem proper or permissible. If the plaintiff, as owner of the property, has suffered increased damages himself by reason of the fact that his tenants have been injured because of the alleged trespasses, then it would appear to the Court that he could recover for such damages under his general allegation in the count relating to damages, and also possibly under a clause in said count which appears to be a direct request for damages incurred by the plaintiff as a consequence of the acts heretofore described.

The Court is of the opinion, therefore, that the allegation relating to damages suffered by tenants is so broad in its scope that the defendant's motion in this regard should be granted.

For complainant: William H. Caufield.

For respondent: Max Levy.

